The order of the Public Utilities Commission of April 26, 1938, consists of 21 printed pages with numerous exhibits attached showing valuations fixed. On its face it is no different in form from any other order of the commission in a rate *Page 133 
case. From an examination of it alone, the commission had the jurisdiction to enter it. It would be subject to attack only upon rehearing or on appeal, and not in an action in mandamus.
The last paragraph of Rule 2 of the Public Utilities Commission provides:
"Any person, public utility or railroad may petition in a proceeding for leave to intervene and be heard therein. Such petition shall set forth petitioner's interest in the proceeding. Leave granted on such application shall entitle intervener to appear as a party to the proceedings, file an answer, or other pleading, have notice of hearing, produce and cross-examine witnesses, and be heard in person or by counsel."
A remedy is therefore provided under the rules of the commission. Mandamus cannot be substituted for appeal.State, ex rel. Ohio Electric Ry. Co., v. Public UtilitiesCommission, 101 Ohio St. 313, 128 N.E. 83; State, ex rel.Logan Gas Co., v. Public Utilities Commission, 114 Ohio St. 665, 151 N.E. 749. Neither can mandamus be employed to defeat the right of the Public Utilities Commission to determine whether relators are proper parties.
The motion to dismiss the petition of the relators is therefore sustained and the petition is dismissed.
Petition dismissed.
WEYGANDT, C.J., MATTHIAS, DAY, ZIMMERMAN, WILLIAMS, MYERS and GORMAN, JJ., concur. *Page 134